IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA,**

            **Plaintiff,**

vs.                                       **CIVIL ACTION NO.** 2:24-cv-433

**THE SUM OF $31,510.00 UNITED STATES CURRENCY;**
**GENT'S KARAT YELLOW GOLD AND DIAMOND 41MM DAY DATE II**
  **PRESIDENT ROLEX WATCH, MODEL #218238;**
**SMITH & WESSON, MODEL M&P 10MM M2.0, 10MM PISTOL (S/N: DLS3977);**
**SPRINGFIELD ARMORY, MODEL DS PRODIGY, 9MM PISTOL (S/N: NMH46746);**
**SMITH AND WESSON, MODEL M&P 9, 9MM PISTOL (S/N: NCR3058);**
**KIMBER, MODEL ROSE GOLD ULTRA II, .45 ACP PISTOL (S/N: KXU6075);**
**GLOCK, MODEL 17 GEN 4, 9MM PISTOL (S/N: AGLR751);**
**CMMG, MODEL MK4, 5.7X28 PISTOL (S/N: BOD19328);**
**CMMG, 10MM PISTOL (S/N: BOD24819);**
**GLOCK, 10MM PISTOL (S/N: BRGX862);**
**GLOCK, MODEL 31, .357 PISTOL (S/N: TWN350); AND**
**ANY AMMUNITION AND FIREARM COMPONENTS**
                                         **Defendants.**
**[Gregory Zander]**

## VERIFIED COMPLAINT OF FORFEITURE IN REM

Comes now the United States of America, by and through its attorneys, William S. Thompson, United States Attorney for the Southern District of West Virginia, and Justin A. Marlowe, Assistant United States Attorney for the Southern District of West Virginia, and respectfully brings this Verified Complaint *in rem*, (the "Complaint") and alleges as follows in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

## NATURE OF THE ACTION

1. This is a civil action *in rem* brought on behalf of the United States of America, pursuant to 18 U.S.C. § 981, to enforce the provisions of 18 U.S.C. § 924(d), 21 U.S.C. § 881(a) 28 U.S.C. § 2461(c) and Rule 32.2(a) of the Federal Rules of Criminal Procedure, for the forfeiture of currency, firearms and jewelry constituting an offense(s) in violation of 18 U.S.C. § 922(g)(1) and 21 U.S.C. 841.

## THE DEFENDANTS IN REM

2. The Defendant $31,510.00 in United States Currency, seized on or about March 11, 2024;

3. The Defendant jewelry, a Gent's Karat Yellow Gold and Diamond 41mm Day Date II President Rolex Watch, Model #218238, seized on or about March 11, 2024;

4. The Defendant firearm a Smith and Wesson, Model M&P 10mm M2.0, 10mm Pistol (S/N: DlS3977), seized on or about March 11, 2024;

5. The Defendant firearm a Springfield Armory, Model DS Prodigy, 9mm Pistol (S/N: NMH46746), seized on or about March 11, 2024;

6. The Defendant firearm a Smith and Wesson, Model M&P 9, 9mm Pistol (S/N: NCR3058), seized on or about March 11, 2024;

7. The Defendant firearm a Kimber, Model Rose Gold Ultra II, .45 ACP Pistol (S/N: KXU6075), seized on or about March 11, 2024;

8. The Defendant firearm a Glock, Model 17 GEN 4, 9mm Pistol (S/N: AGLR751), seized on or about March 11, 2024;

9. The Defendant firearm a CMMG, Model MK4, 5.7x28 Pistol (S/N: BOD19328), seized on or about March 11, 2024;

10. The Defendant firearm a CMMG, 10mm Pistol (S/N: BOD24819), seized on or about March 11, 2024;

11. The Defendant firearm a Glock, 10mm Pistol (S/N: BRGX862), seized on or about March 11, 2024;

12. The Defendant firearm a Glock, Model 31, .357 Pistol (S/N: TWN350), seized on or about March 11, 2024; and

13. The Defendant miscellaneous ammunition and firearm components, seized on or about March 11, 2024.

## JURISDICTION AND VENUE

14. Plaintiff, United States of America, brings this action in rem in its own right to forfeit and condemn the Defendants Currency, Jewelry and Firearms.  This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

15. This Court has *in rem* jurisdiction over the Defendant properties pursuant to 28 U.S.C. § 1355(b)(1), since the acts or omissions giving rise to the forfeiture occurred in this District.

16. Upon the filing of this Verified Complaint *in rem*, the plaintiff requests that the Clerk of this Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b)(i), which the Plaintiff will execute upon the seized personal property, pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

17. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omission giving rise to the forfeiture occurred in this District and, pursuant to 28 U.S.C. § 1395(b) because the property is located in this District.

## STATUTORY BACKGROUND

18. Pursuant to 18 U.S.C. § 924(d), 21 U.S.C § 853, 28 U.S.C. § 2461(c), and Rule 32.2(a) of the Federal Rules of Criminal Procedure, upon the conviction of an offense in violation of 18 U.S.C. § 922(g)(1) shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses and any property used, intended to be used, in any manner or part, to commit or to facilitate the commission of, the offenses.

19. Pursuant to 21 U.S.C § 853, 28 U.S.C. §§ 881(a), 2461(c), and Rule 32.2(a) of the Federal Rules of Criminal Procedure, upon the conviction of an offense in violation of 21 U.S.C. § 841 shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses and any property used, intended to be used, in any manner or part, to commit or to facilitate the commission of, the offenses.

## BASIS FOR FORFEITURE

20. The Defendants are subject to forfeiture to the United States pursuant to 21 U.S.C. 853 on the grounds that it constitutes a thing of value furnished or intended to be furnished, in exchange for a controlled substance in violation of 21 U.S.C. § 801 et seq., and 18 U.S.C. § 922(g)(1) or is proceeds traceable to such an exchange, or was used or intended to be used, to facilitate one or more controlled substance violations and a felon in possession of a firearm.

## FACTS

21. In or about the month of August 2023, the Federal Bureau of Investigation ("FBI") and the Metropolitan Drug Enforcement Network Team ("MDENT") initiated an investigation into

Defendant, Gregory D'Arquaes Zander ("Zander"). Zander was identified as an individual responsible for supplying large quantities of controlled substances, to include fentanyl and methamphetamine, to various individuals in and around the Southern District of West Virginia.

22. In or about the month of October 2023, continuing to March 2024, controlled buys were conducted from Defendant Zander and/or Brandon Solomon (co-defendant). The buys were conducted through Facebook and by telephone.

23. On February 2, 2024, surveillance equipment was installed on the 2016 Chevrolet Suburban utilized by Solomon and Zander to facilitate narcotics trafficking. After installation, narcotics related transactions and/or discussions involving Solomon and Zander were intercepted.

24. On March 11, 2024, the FBI and MDENT conducted surveillance on Zander, driving in a Nissan Kicks. During the stop of the Nissan Kicks, Zander was positively identified as the passenger, the driver was later identified to be Zander's girlfriend. K-9 officer Rex was deployed on the Nissan Kicks and provided a positive alert which led to the search of the vehicle.

25. On March 11, 2024, a traffic stop occurred involving a Chevrolet Silverado driven by Isaiah Johnson. Isaiah Johnson was often used by Zander to transport firearms involved in his criminal enterprise. The Chevrolet Silverado was a rental vehicle what was rented by a family member of Zander. The search resulted in numerous firearms and components. Zander's wallet with identification and birth certificate were also located during the search. Several of the seized firearms had receipts located in Zander's wallet.

26. During the search of the Nissan Kicks, Defendant $31,510.00 in United States Currency, and Defendant Rolex watch were seized. Zander was ultimately arrested and incident to his arrest, the Defendant properties were seized.

27. On or about March 11, 2024, multiple search warrants were executed on addresses known to be utilized by Zander, including apartments B and C at 1517 Lewis Street, Charleston, West Virginia.  The search resulted in numerous firearms, ammunition, and their components, in addition to approximately 218.9 grams of fentanyl, materials used to process narcotics, blenders, scale, vacuum sealers, and bags being seized. Defendant properties were taken into custody.

28. At the time Zander possessed the seized firearms, he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year, as defined in 18 U.S.C. § 921(a)(20), that is, convicted on or about September 22, 2021 in the Circuit Court of Kanawha County, West Virginia case number 20-F-295, of "Possession with Intent to Deliver a Controlled Substance, to wit: Methamphetamine" in violation of W.Va. Code § 60A-4-401.

29. A financial investigation into Zander revealed that he has no reported income from West Virginia.  However, Zander has moved $133,845.00 in United States currency through Mardi Gras Casino and Resort in Charleston, West Virginia, from August 2020 through June 2021. Also, Zander's Huntington National Bank account received cash deposits totaling $94,446.00 in United States currency, from May 2020, through August 2021.

30. On April 2, 2024, a Grand Jury in the Southern District of West Virginia returned an indictment against Zander.  Zander was charged with violations of 18 U.S.C. § 922(g)(1) and 922(a)(8).

31. On May 23, 2024, Gregory Zander pled guilty to the violation of 18 U.S.C § 922(g)(1).

## THE DEFENDANT CURRENCY

32. The Defendant Currency was seized from the Nissan Kicks during the March 11, 2024, traffic stop. The Defendant Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853, as proceeds of or money that is intended to be used to facilitate further violations of illegal drug trafficking and in violation of 21 U.S.C. § 841.

## THE DEFENDANT ROLEX

33. The Defendant Rolex was seized during the March 11, 2024, traffic stop. The Defendant Rolex is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853, as proceeds of illegal drug trafficking and in violation of 21 U.S.C. § 841.

## THE DEFENDANTS FIREARMS, AMMUNITION AND COMPONENTS

34. The Defendant Firearms, Ammunition and Components were seized during one of multiple searches as a result of the aforementioned search warrants. The Defendants are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) in violation of 18 U.S.C. § 922(g)(1).

## CONCLUSION

By virtue of the foregoing and pursuant to 18 U.S.C. § 981(f), all right, title and interest in the defendant properties vested in the United States at the time of the commission of the unlawful acts giving rise to forfeiture has become and is forfeitable to the United States of America.

WHEREFORE, the United States of America requests that the Clerk of this Court issue a warrant for the arrest and seizure of the Defendants *in rem* pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal

Rules of Civil Procedure, which the plaintiff will execute upon the Defendants *in rem* pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c); that notice of this action be given to all persons who reasonably appear to be potential claimant(s) to the Defendants *in rem*; that the Defendants *in rem* be forfeited and condemned to the United States of America; and that the Court grant such other an further relief it deems just and Proper.

        Respectfully submitted,

        WILLIAM S. THOMPSON
        United States Attorney

By:    s/Justin A. Marlowe
        JUSTIN A. MARLOWE
        Assistant United States Attorney
        WV State Bar No. 9695
        300 Virginia Street East, Room 4000
        Charleston, WV 25301
        Telephone: 304-345-2200
        Fax: 304-340-7851
        E-mail: justin.marlowe@usdoj.gov

## VERIFICATION

**STATE OF WEST VIRGINIA**

**COUNTY OF KANAWHA, to wit:**

I, Jennifer King, a Special Agent with the United States Federal Bureau of Investigation, declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That the foregoing Civil Complaint for Forfeiture in rem is based upon my own personal observation, reports and/or information that I personally have prepared or gathered and which have been provided to me by various law enforcement personnel, and that everything contained therein is true and correct to the best of my knowledge and belief, except wherein stated to be upon information and belief, in which case I believe it to be true.

Executed on August __19__, 2024.

_____
JENNIFER KING

Taken, subscribed and sworn to before me this _19th_ day of _August_ 2024.

My commission expires on _April 30, 2026_.

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Evaline Bennett Cooper
1690 Carey Place, Charleston, WV 25314
My Commission Expires April 30, 2026

_Evaline Bennett Cooper_
NOTARY PUBLIC